IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIBREEL FRAZIER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 21-4397 |
| CAPITAL ONE | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                             **DECEMBER 14, 2021**

Plaintiff Jibreel Frazier initiated this civil action by filing a pro se Complaint against Capital One. Although he did not set forth a basis for this Court's jurisdiction, the Court construes the Complaint as raising claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 ("FCRA"). Frazier also seeks leave to proceed in forma pauperis. For the following reasons, we will grant Frazier leave to proceed in forma pauperis and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**[1]

The allegations in Frazier's Complaint are brief. Frazier claims that he has "been a victim of Capital One reporting negatively on [his] credit report." (ECF No. 2 at 3.)[2] According to Frazier, inaccurate information has been reported on his credit report such that an account "is reporting as a 'closed' account as of June 2021," but he has "credit reports that show charge offs

---

[1] The facts set forth in this Memorandum are taken from Frazier's Complaint and attached exhibit.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

after the date of June 2021 reporting negative payments." (*Id.*)  The Complaint does not contain any additional factual allegations supporting Frazier's claims.  However, Frazier attached to his Complaint a copy of a report from Experian, which shows an account in Frazier's name with Capital One Bank USA that has a negative balance and that has been in "charge-off" status since June 2021.  (*Id.* at 7.)

Frazier contends that the inaccurate information has impacted his mental health.  (*Id.* at 4.)  He further contends that he has been denied a job opportunity, a car loan, and a personal loan due to the "negative reporting." (*Id.*)  He seeks to have the inaccurate information "removed and corrected promptly." (*Id.*)  He also seeks $50,000 in damages.  (*Id.*)

## II.     STANDARD OF REVIEW

Initially Frazier will be granted leave to proceed in forma pauperis under 28 U.S.C. § 1915 because it appears that he is incapable of paying the fees to commence this civil action.  Next, we must determine whether Frazier's Complaint states a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  We must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations are not sufficient.  *Iqbal*, 556 U.S. at 678.  Since Frazier is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, Frazier must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a

3

private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Frazier cannot state a claim against Capital One under the provisions of the FCRA pertaining to credit reporting agencies because Capital One is not a credit reporting agency. To the extent Frazier raises claims against Capital One as a furnisher of information, he has failed to state a claim because he has not alleged that he disputed the allegedly inaccurate information to the credit reporting agency, that the credit reporting agency notified Capital One of disputed information, and that Capital One failed to reasonably investigate the dispute. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (affirming dismissal of FCRA claims because plaintiffs failed to sufficiently allege that the bank received notice of their dispute from a credit reporting agency). Frazier's FCRA claims are therefore not plausible as pled.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Frazier leave to proceed in forma pauperis and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Frazier will be granted leave to file an amended complaint in the event that he

can state a plausible basis for a claim against Capital One.  An appropriate Order follows, which provides further instruction.

                                      **BY THE COURT:**

                                      */s/ R. Barclay Surrick*
                                      **R. BARCLAY SURRICK, J.**