IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JIBREEL FRAZIER                              :
                                             :       CIVIL ACTION
       v.                                    :
                                             :       21-4397
CAPITAL ONE, ET AL.                          :

**MEMORANDUM**

**SURRICK, J.**                                              **FEBRUARY 17, 2022**

      Presently before the Court is Plaintiff Jibreel Frazier's Amended Complaint against Capital One and Experian.  Although he does not specifically reference the statute, the Court understands Frazier's Amended Complaint to raise claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").  For the following reasons, Frazier's Amended Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and we will be grant Frazier leave to file a second amended complaint.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

      Frazier's initial Complaint alleged that he had "been a victim of Capital One reporting negatively on [his] credit report."  (Compl. at 3, ECF No. 2.)[2]  According to Frazier, inaccurate information was reported on his credit report such that an account "is reporting as a 'closed' account as of June 2021," but he had "credit reports that show charge offs after the date of June 2021 reporting negative payments."  (*Id.*)  Frazier attached to his initial Complaint a copy of a report from Experian, which shows an account in Frazier's name with Capital One Bank USA

---

[1]    The facts set forth in this Memorandum are taken from Frazier's Amended Complaint and attached documents.

[2]    The Court adopts the pagination supplied by the CM/ECF docketing system.

that has a negative balance of $1,842 and that has been in "charge-off" status since June 2021. (*Id.* at 7.)  The account is referred to as account number "517805XXXXXX."  (*Id.*)

By Memorandum and Order dated December 14, 2021, the Court granted Frazier leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and granted Frazier leave to file an amended complaint.  (ECF Nos. 6, 7.)  The Court concluded that Frazier's FCRA claims were not plausible as pled.  The Court determined that, to the extent Frazier raised claims against Capital One as a furnisher of information under the FCRA, he failed to allege that he disputed the allegedly inaccurate information to the consumer reporting agency, that the consumer reporting agency notified Capital One of information of the dispute, and that Capital One failed to reasonably investigate the dispute.  *See Frazier v. Capital One*, No. 21-4397, 2021 WL 5906341, at *2 (E.D. Pa. Dec. 14, 2021) (citing *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (finding that plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020)). Frazier was given leave to file an amended complaint, which he did on December 30, 2021. (Am. Compl., ECF No. 8.)

In the Amended Complaint, Frazier names Capital One and Experian as Defendants.  (*Id.* at 10, 11.)  The allegations in the Amended Complaint are sparse, and his claims remain somewhat unclear.  Frazier again alleges that he is "a victim of a negative reporting of a charge off on a monthly basis by Capital One."  (*Id.* at 12.)  He asserts that he has contacted Capital One

"on multiple occasions to rectify this matter" and has not received a response.  (*Id.*)  He further claims that he "sent multiple documents to Experian stating that this information on . . . [his] credit report was inaccurate and Experian responded multiple times stating Capital One verified the information so they can't remove the account."  (*Id.*)  He reiterates that "Capital One is reporting a negative charge off to Experian every month.  Experian is reporting a negative charge off on my consumer report every month."  (*Id.*)  Frazier contends that the inaccurate information has impacted his mental health.  (*Id.* at 13.)  He further claims that he has been denied job opportunities, car loans, and "home loans."  (*Id.*)  He seeks $50,000 in damages.  (*Id.*)

Frazier attached several documents to the Amended Complaint, although he did not expressly reference any of the documents therein.[3]  First, he included an "Affidavit of Truth" dated November 22, 2021, which is addressed from Frazier to Experian and references the Capital One account number 517805XXXXXX that is the subject of the Experian credit report attached to the original Complaint.  (*Id.* at 15-17.)  Although quite unclear, this document appears to demand that Experian remove Frazier's "alleged information" from Experian's "site" because he is "a victim of identity theft."  (*Id.* at 16.)  Liberally construing this document, Frazier appears to attempt to cite to various provisions of the FCRA that pertain to a consumer reporting agency's duty to block the reporting of information resulting from identity theft, although Frazier's statutory citations are not accurate.  (*Id.*); *see also* 15 U.S.C. § 1681c-2(a)-(f).[4]

---

[3]      Frazier did not attach to the Amended Complaint the Experian credit report that was attached to the initial Complaint.

[4]      Section 1681c-2 provides in part:

(a)      Block
Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer

The second document Frazier attached to the Amended Complaint contains a photocopy

of his Pennsylvania driver's license and Social Security card.  (Am. Compl. at 18.)  The

document also states "I reviewed a copy of my credit report and noticed that there were some

identifies as information that resulted from an alleged identity theft, not later than
4 business days after the date of receipt by such agency of--
(1) appropriate proof of the identity of the consumer;
(2) a copy of an identity theft report;
(3) the identification of such information by the consumer; and
(4) a statement by the consumer that the information is not information
relating to any transaction by the consumer.
(b) Notification
A consumer reporting agency shall promptly notify the furnisher of information
identified by the consumer under subsection (a)--
(1) that the information may be a result of identity theft;
(2) that an identity theft report has been filed;
(3) that a block has been requested under this section; and
(4) of the effective dates of the block.
(c) Authority to decline or rescind
(1) In general
A consumer reporting agency may decline to block, or may rescind any
block, of information relating to a consumer under this section, if the
consumer reporting agency reasonably determines that--
(A) the information was blocked in error or a block was requested
by the consumer in error;
(B) the information was blocked, or a block was requested by the
consumer, on the basis of a material misrepresentation of fact by
the consumer relevant to the request to block; or
(C) the consumer obtained possession of goods, services, or money
as a result of the blocked transaction or transactions.
(2) Notification to consumer
If a block of information is declined or rescinded under this subsection,
the affected consumer shall be notified promptly, in the same manner as
consumers are notified of the reinsertion of information under section
1681i(a)(5)(B) of this title.
(3) Significance of block
For purposes of this subsection, if a consumer reporting agency rescinds a
block, the presence of information in the file of a consumer prior to the
blocking of such information is not evidence of whether the consumer
knew or should have known that the consumer obtained possession of any
goods, services, or money as a result of the block.

15 U.S.C.A. § 1681c-2(a)-(c).

4

fraud accounts listed on my report.  I have previously reached out to the bureau to rectify this

affair but they have been negligent in complying with my request."  (*Id.*)  This document is not

dated, is not addressed to any individual or entity, and it is not apparent to whom it was sent, or

if it indeed was.  (*Id.*)

Third, Frazier attaches a "Federal Trade Commission Identity Theft Report."  (*Id.* at 19.)

The report is dated November 20, 2021 and indicates that account number 517805XXXXXX

with Capital One Bank USA is a fraudulent account.  (*Id.*)  Frazier represents that the fraud

began in June 2020 and that he discovered the fraud in November 2021.  (*Id.*)  The amount of the

fraud listed is $1,842.  (Compl. at 7, ECF No. 2.)  It is unclear if this Identity Theft Report was

provided to any individual or entity, and Frazier makes no attempt in his Amended Complaint to

shed light upon it.

Fourth, Frazier attaches two reports that appear to be generated by Experian regarding his

consumer credit information.  (Am. Compl. at 20-21.)  The first, report number 1216-7142-62,

was generated on November 18, 2021.  (*Id.* at 20.)  It pertains to Capital One Bank USA account

number 517805XXXXXX and indicates that "[t]he company that reported the information has

certified to Experian that the information is accurate.  This item was not changed as a result of

our processing of your dispute."  (*Id.*)  The second, report number 2866-5036-88, was generated

on December 9, 2021.  (*Id.* at 21.)  This report states as follows:

> Our reinvestigation of the dispute you recently submitted is now complete.  If we
> were able to make changes to your credit report based on information you
> provided, we have done so.  Otherwise we have contacted the company reporting
> the information you disputed, supplied them all relevant information and any
> documents you gave us with your dispute, and instructed them to: review all
> information we provide them about your dispute; verify the accuracy of the
> information; provide us a response to your dispute; and update their records and
> systems as necessary.  If an item you disputed is not in the list of results below, it
> was either not appearing in your credit file or it already reflected the requested
> status at the time of our reinvestigation.

(*Id.*)  The report again lists the Capital One Bank USA account number 517805XXXXXX and notes that "[t]he company that reported the information has certified to Experian that the information is accurate.  This item was not changed as a result of our processing of your dispute."  (*Id.*)  The report also contains notations for three other accounts, one listed as "Capital One Auto Fin PO#" and two listed as "Capital One," indicating that these items were removed from Frazier's credit report.  (*Id.*)

## II.     STANDARD OF REVIEW

Since Frazier is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Frazier's Amended Complaint if it fails to state a claim.  The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Frazier is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The United States

Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.   DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

"The FCRA confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D.

Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C.A. § 1681i(a)(1)(A).  "Generally speaking, a consumer reporting agency does not violate the FCRA's requirement that it 'follow reasonable procedures to assure maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of information if the information that it reports is factually accurate."  *Williams v. Experian Info. Sols., Inc.*, Civ. A. No. 14-8115, 2016 WL 3466089, at *3 (D.N.J. June 21, 2016).  Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information."  15 U.S.C. § 1681i(a)(3)(A).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, Frazier must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information."  *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b).  As this Court has previously explained:

> Once a consumer reporting agency ("CRA"), such as Equifax, Trans Union, and Experian, notifies a credit furnisher of a disputed account, the furnisher's duty to investigate is triggered.  15 U.S.C. § 1681s-2(b).  After receiving notice, the credit furnisher must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information received from the CRA; (3) report the results of the investigation to the CRA; and (4) if the information is found to be inaccurate or incomplete, report the results to all CRAs to which it originally provided the erroneous information.  *Id.*  Furnishers are liable for either

the negligent or willful failures to meet these requirements.  *See* 15 U.S.C. §§ 1681o, 1681n.

The FCRA does not define the term "investigation."  However, courts have held that any investigation into a credit dispute must be "reasonable."  *See Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 605 (E.D. Pa. 2012).

In the context of an investigation conducted by a CRA, the Third Circuit has held that "the reasonableness of a credit reporting agency's procedures is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question." manner."  *Cortez*, 617 F.3d at 709.  The Third Circuit applies the same standard to investigations conducted by furnishers.  *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014).

*Burns v. Ford Motor Credit Co. LLC*, Civ. A. No. 19-1647, 2021 WL 1962856, at *4 (E.D. Pa. May 17, 2021).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance."  *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Here, the manner in which Frazier has presented his claims has again made the true nature of them difficult to understand.  The allegations in the Amended Complaint are sparse and conclusory.  With regard to Experian, Frazier generally alleges that he "sent multiple documents to Experian stating that this information on . . . [his] credit report was inaccurate and Experian responded multiple times stating Capital One verified the information so they can't remove the account," (ECF No. 8 at 12), but he has not identified the allegedly incorrect information in his credit history, clearly explained why the information was incorrect, or alleged any facts about when and how he disputed that information with Experian.  It appears from the attachments to the Amended Complaint that Frazier disputed to Experian the accuracy of the information

regarding Capital One Bank USA account number 517805XXXXXX and that Experian investigated the dispute and conducted a reinvestigation.  (ECF No. 8 at 19-20.)  However, Frazier remains dissatisfied with Experian as evidenced by the fact that he added it as a Defendant in the Amended Complaint.  Nonetheless, Frazier has not articulated the nature of his claims against Experian.  The Court will not speculate as to Frazier's claims against Experian based on the attachments to his Amended Complaint.  Indeed, a plaintiff may not state a claim by relying solely on exhibits.  *See DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (*per curiam*) ("The documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."); *Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

With regard to Capital One, Frazier again broadly alleges that he is "a victim of a negative reporting of a charge off on a monthly basis by Capital One." (*Id.* at 12.)  He asserts that he has contacted Capital One "on multiple occasions to rectify this matter" and has not received a response.  (*Id.*)  Although he attaches several documents to his Amended Complaint, such as the Affidavit of Truth, the document containing his Pennsylvania driver's license and Social Security card, and the "Federal Trade Commission Identity Theft Report," (*Id.* at 16-19), Frazier does not explain the relevancy of such documents.  The documents suggest that Frazier

10

now contends that the Capital One account that is listed on the credit report attached to the original Complaint is the result of identity theft.  However, Frazier has not clearly articulated such a claim because he does not raise any allegations to this effect in the body of his Amended Complaint.  It is also unclear to whom the documents were submitted, or if they were submitted to any entity.  The Court declines to speculate whether this information was conveyed to Experian or Capital One.  Simply claiming that information on a credit report is "inaccurate" is not enough.  Frazier has not alleged the necessary factual information required to show that a statutory violation occurred.  Frazier's FCRA claims are therefore not plausible as pled.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (finding that allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Berkery v. Verizon Communications Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of complaint that alleged that plaintiff "reported the billing discrepancy with Verizon to three credit agencies, but never set out any non-conclusory allegations about whether Verizon (here, the furnisher) satisfied its own duties under the statute"); *Visconti v. Trans Union, LLC*, Civ. A. No. 19-581, 2019 WL 5418093, at *4 (D.N.J. Oct. 23, 2019) (holding that plaintiff failed to properly plead FCRA claims where she failed to provide any specific facts regarding which accounts were fraudulent, when she notified defendants of the issues, and what actions defendants were required to take in response but failed to do so); *Fabian v. St. Mary's Med. Ctr.*, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (internal

quotations omitted).  Accordingly, the Amended Complaint fails to state a claim for relief at this time.

**IV.      CONCLUSION**

For the foregoing reasons, the Court will dismiss Frazier's Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Frazier will be given leave to file a second amended complaint to cure the deficiencies the Court has identified with respect to his FCRA claims.  An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**s/ _R. Barclay Surrick_**

**R. BARCLAY SURRICK, J.**