IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JIBREEL FRAZIER,                        :
                                        :        CIVIL ACTION
        v.                              :
                                        :        21-4397
CAPITAL ONE, ET AL.                     :

## ORDER

AND NOW, this  17th  day of February 2022, upon consideration of Plaintiff Jibreel

Frazier's Amended Complaint (ECF No. 8) it is **ORDERED** that:

1.      The Clerk of Court is **DIRECTED** to add Experian as a Defendant in this matter.

2.      The Clerk of Court is **DIRECTED** to restrict the Amended Complaint (ECF No.

8) to party-view only because Frazier has attached to the Amended Complaint a copy of his

Social Security card and his driver's license.  Going forward, Frazier should not include his

Social Security number in his filings and should refer to it, if necessary, by the last four digits

only.  *See* Fed. R. Civ. P. 5.2(a).  Similarly, Frazier should not refer to his complete date of birth

and, if necessary, should refer only to year of his birth.  *Id.*

3.      The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure

to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons in the Court's

Memorandum.

4.      Frazier may file a second amended complaint within thirty (30) days of the date of

this Order.  Any second amended complaint must identify all defendants in the caption of the

second amended complaint in addition to identifying them in the body of the second amended

complaint and shall state the basis for Frazier's claims against each defendant.  The second

amended complaint shall be a complete document that does not rely on the initial Complaint,

Amended Complaint, or other papers filed in this case to state a claim.  When drafting his second amended complaint, Frazier should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5.      The Clerk of Court is **DIRECTED** to send Frazier a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Frazier may use this form to file his second amended complaint if he chooses to do so.[1]

6.       If Frazier does not wish to file a second amended complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

7.      If Frazier fails to file any response to this Order, the Court will conclude that Frazier intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**s/ *R. Barclay Surrick***

**R. BARCLAY SURRICK, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).