IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIBREEL FRAZIER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | 21-4397 |
| CAPITAL ONE, ET AL. | : | |

## MEMORANDUM

**SURRICK, J.**                                                                               **MARCH 31, 2022**

Presently before the Court is the Second Amended Complaint ("SAC") filed by *pro se* Plaintiff Jibreel Frazier against Defendants Capital One and Experian. Even though Frazier does not specifically reference the statute, we understand that his SAC is raising claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). For the following reasons, the SAC will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Frazier will be given one final opportunity to cure the deficiencies identified by the Court by filing a third amended complaint.

I.       FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Frazier's initial Complaint alleged that he had "been a victim of Capital One reporting negatively on [his] credit report." (Compl. at 3, ECF No. 2.)[1] According to Frazier, inaccurate information was reported on his credit report such that an account "is reporting as a 'closed' account as of June 2021," but he had "credit reports that show charge offs after the date of June 2021 reporting negative payments." (*Id.*) Frazier attached to his initial Complaint a copy of a report from Experian, which showed Capital One Bank USA account number

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

"517805XXXXXX" in Frazier's name with a negative balance of $1,842, that had been in "charge-off" status since June 2021.  (*Id.* at 7.)

By Memorandum and Order dated December 14, 2021, the Court granted Frazier leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and granted Frazier leave to file an amended complaint.  (ECF Nos. 6, 7.)  The Court concluded that Frazier's FCRA claims were not plausible as pled.  The Court determined that, to the extent Frazier raised claims against Capital One as a furnisher of information under the FCRA, he failed to allege that he disputed the allegedly inaccurate information to a consumer reporting agency, that the consumer reporting agency notified Capital One of information of the dispute, and that Capital One failed to reasonably investigate the dispute.  *See Frazier v. Capital One*, 2021 WL 5906341, at *2 (E.D. Pa. Dec. 14, 2021) (citing *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020)).  Frazier was given leave to file an amended complaint, which he did on December 30, 2021.  (Am. Compl. 8.)

In the Amended Complaint, Frazier named Capital One and Experian as Defendants.  (*Id.* at 10, 11.)  Frazier again alleged that he was "a victim of a negative reporting of a charge off on a monthly basis by Capital One."  (*Id.* at 12.)  He asserted that he contacted Capital One "on multiple occasions to rectify this matter" and did not receive a response.  (*Id.*)  He further claimed that he "sent multiple documents to Experian stating that this information on . . . [his]

2

credit report was inaccurate and Experian responded multiple times stating Capital One verified the information so they can't remove the account." (*Id.*)  He reiterated that "Capital One is reporting a negative charge off to Experian every month.  Experian is reporting a negative charge off on my consumer report every month." (*Id.*)  Frazier contended that the inaccurate information impacted his mental health and he was denied job opportunities, car loans, and "home loans." (*Id.* at 13.)  He sought monetary damages. (*Id.*)  Frazier attached several documents to the Amended Complaint, although he did not expressly reference any of the documents therein.[2]

      By Memorandum and Order entered February 18, 2022, the Court dismissed the Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and granted Frazier leave to file a second amended complaint.  (*See* ECF Nos. 10, 11.)  The Court again determined that Frazier's claims were not plausible as pled because his allegations were conclusory and Frazier had not alleged the necessary factual information required to show that either Defendant had committed a statutory violation.  *See Frazier v. Cap. One*, No. 21-4397, 2022 WL 507491, at *5-6 (E.D. Pa. Feb. 18, 2022).  The Court further

---

[2]  Frazier did not include the Experian credit report that was attached to the initial Complaint.  However, he enclosed an "Affidavit of Truth" dated November 22, 2021, which was addressed from Frazier to Experian and which referenced the Capital One account number 517805XXXXXX that is the subject of the Experian credit report attached to the original Complaint.  (*See* Am. Compl. at 15-17.)  Although quite unclear, this document appeared to demand that Experian remove Frazier's "alleged information" from Experian's "site" because he was "a victim of identity theft." (*Id.* at 16.)  It appeared that Frazier sought to cite to various provisions of the FCRA which pertain to a consumer reporting agency's duty to block the reporting of information resulting from identity theft, although Frazier's statutory citations were not accurate.  *See id.; see also* 15 U.S.C. § 1681c-2(a)-(f) (addressing a consumer reporting agency's duty to block information that the consumer identifies as information that resulted from an alleged identity theft).  Frazier also attached to the Amended Complaint several other documents pertaining to an alleged identity theft, as well as two reports that appeared to be generated by Experian regarding his consumer credit information.  (*See* Am. Compl. at 18-21.)

declined to speculate as to Frazier's claims based on the several attachments to Frazier's Amended Complaint that were not referenced therein.  *Id.*

On March 7, 2022, Frazier filed a SAC against Capital One and Experian.  (ECF No. 12.)  He now alleges that "[o]n or about January 2021 Capital One reported a late payment to Experian PLC for account number: 517805xxxxxx."  (*Id.* at 3.)  Frazier contends that "[a]fter notifying Experian PLC of the error and submitting multiple documents to verify my identity, Experian PLC stated on or about October 2021 that Capital One verified the information and it could not be removed."  (*Id.*)  He further asserts that "Capital One reported a late payment of an alleged debt, and Experian PLC has been reporting this error since January 2021."  (*Id.*)  According to Frazier, he has "tried rectifying this matter with both parties."  (*Id.*)  Frazier claims to have suffered mental and physical harm, as well as the denial of "jobs, car loan, and personal loans."  (*Id.* at 4.)  Frazier seeks removal of "this information" and an updated credit report, as well as damages.  (*Id.*)  Frazier submitted no attachments in support of the SAC.

## II.   STANDARD OF REVIEW

Since Frazier is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Frazier's SAC if it fails to state a claim.  The Court must determine whether the SAC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S.

at 678.  As Frazier is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.*  (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'"  *Id.*

### III.  DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness."  *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  To state a claim under the FCRA, a plaintiff must establish that the information in his credit report was inaccurate.  *Cortez*, 617 F.3d at 708.

"The FCRA confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy."  *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to

determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A). "Generally speaking, a consumer reporting agency does not violate the FCRA's requirement that it 'follow reasonable procedures to assure maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of information if the information that it reports is factually accurate." *Williams v. Experian Info. Sols., Inc.*, Civ. A. No. 14-8115, 2016 WL 3466089, at *3 (D.N.J. June 21, 2016). Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, Frazier must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b). As this Court has previously explained:

> Once a consumer reporting agency ("CRA"), such as Equifax, Trans Union, and Experian, notifies a credit furnisher of a disputed account, the furnisher's duty to investigate is triggered. 15 U.S.C. § 1681s-2(b). After receiving notice, the credit furnisher must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information received from the CRA; (3) report the results of the investigation to the CRA; and (4) if the information is found to be inaccurate or incomplete, report the results to all CRAs to which it originally provided the erroneous information. *Id.* Furnishers are liable for either the negligent or willful failures to meet these requirements. *See* 15 U.S.C. §§ 1681o, 1681n.

> The FCRA does not define the term "investigation." However, courts have held that any investigation into a credit dispute must be "reasonable." *See Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 605 (E.D. Pa. 2012).
>
> In the context of an investigation conducted by a CRA, the Third Circuit has held that "the reasonableness of a credit reporting agency's procedures is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question." *Cortez*, 617 F.3d at 709. The Third Circuit applies the same standard to investigations conducted by furnishers. *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014).

*Burns v. Ford Motor Credit Co. LLC*, No. 19-1647, 2021 WL 1962856, at *4 (E.D. Pa. May 17, 2021). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Frazier again presents his allegations in the SAC against Capital One and Experian in a broad and conclusory manner. He alleges that "on or about January 2021 Capital One reported a late payment to Experian" and that he notified Experian "of the error" and submitted "multiple documents" to verify his identity. (SAC at 3.) He further alleges that Experian "stated on or about October 2021 that Capital One verified the information and it could not be removed." (*Id.*) Frazier also states that Capital One "reported a late payment of an alleged debt and Experian PLC has been reporting this error since January 2021." (*Id.*)

Frazier has not alleged the necessary factual information required to show that a statutory violation occurred. He generally alleges that Capital One reported a late payment on an account and that he notified Experian "of the error." Simply stating that Experian reported "a late payment of an alleged debt" in error, is not enough to allege a plausible claim against either

Experian or Capital One. Frazier has not identified the allegedly incorrect information in his credit history, clearly explained why the information was incorrect, or alleged any facts about when and how he disputed that information with Experian, and what actions Defendants were required to take in response but failed to do so. *See Cortez*, 617 F.3d at 708 (a plaintiff must establish that the information in his credit report was inaccurate); *Holland v. Trans Union LLC*, No. 21-152, 2021 WL 5804375, at *7 (E.D. Pa. 2021) ("§ 1681s-2 would be nonsensical if a plaintiff could make a claim against a furnisher that it failed to investigate accurate information.").

Frazier's FCRA claims are therefore not plausible as pled. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano*, 832 F. App'x at 120 (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Berkery v. Verizon Communications Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of complaint that alleged that plaintiff "reported the billing discrepancy with Verizon to three credit agencies, but never set out any non-conclusory allegations about whether Verizon (here, the furnisher) satisfied its own duties under the statute"); *Visconti v. Trans Union, LLC*, No. 19-581, 2019 WL 5418093, at *4 (D.N.J. Oct. 23, 2019) (holding plaintiff failed to properly plead FCRA claims where she failed to provide any specific facts regarding which accounts were fraudulent, when she notified defendants of the issues, and what actions defendants were required to take in response but failed to do so). Accordingly, the SAC fails to allege a plausible claim for relief at this time.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Frazier's SAC without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Although the Court previously explained to Frazier the facts and legal elements he would need to allege to state a plausible claim, he has not been able to do so thus far. Frazier will be given one final opportunity to file a third amended complaint to cure the deficiencies the Court has identified with respect to his FCRA claims.[3] An appropriate Order follows, which provides further instruction as to amendment.

                                                        **BY THE COURT:**

                                                        */s/ R. Barclay Surrick*
                                                        **R. BARCLAY SURRICK, J.**

---

[3] Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe pro se pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*); *see also Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.") (internal quotations omitted). Frazier must present all allegations in a single pleading that clearly identifies the defendants, states the basis for his claims, and states the relief he seeks from the Court. Any allegations that are not contained in the third amended complaint will not be considered.